Southern School Book Depository *v.* T. C. Holmes
et al.

[61 South. 698.]

Evidence.  *Parol evidence.  Varying written contracts.*

It is not permissible by parol evidence to vary a written contract
to indemnify a firm composed of two persons, so as to show a
contract to indemnify another firm composed of entirely different
persons, under the guise of indemnifying the real parties in
interest.

Appeal from the circuit court of Washington county.
Hon. J. M. Cashin, Judge.

Suit by Southern School Book Depository against T.
C. Holmes and others.  From a judgment for defendant,
plaintiff appeals.

Davidson & Wardlaw, a partnership, composed of E.
O. Davidson and S. W. Wardlaw, were engaged in the
business of handling and distributing the school books
used in the public schools in Mississippi.  The business
was conducted in Jackson, and they had a large number
of dealers in various parts of the state to whom they sold
books for distribution in territory prescribed.  In July,
1906, Davidson & Wardlaw sold their business to the
Southern School Book Depository, a partnership com-
posed of Victor and Burgess Smith.  Shortly before the
sale was made, Davidson & Wardlaw had made a verbal
agreement with the Steger-Holmes Company, a corpor-
ation, by which said company was to handle the school
books in Greenville, and had made a shipment of books
to said company.  After the sale of the business to the
Steger-Holmes Company, to wit, September 17, 1906, a
contract was entered into by and between said Davidson
& Wardlaw and Steger-Holmes Company, and the latter
executed bond, payable to Davidson & Wardlaw, with
T. C. Holmes and T. C. West as sureties.  Business deal-

ings between the Sterger-Holmes Company and the Southern School Book Depository continued until October, 1908, when the Steger-Holmes Company was adjudged a bankrupt. At the time of the adjudication the bankrupt was indebted to the Southern School Book Depository, and the latter filed a suit in the circuit court for the amount of the indebtedness against the sureties.

The contention of the plaintiff was that the business of Davidson & Wardlaw merged with that of the School Book Depository, and that the latter assumed the obligations and took over the assets of the former, and that the Sterger-Holmes Company knew at the time of the execution of the contract and bond that the business had been sold, but was being conducted under the old name temporarily for convenience, and that in reality the contract was made with the Southern School Book Depository, and the bond, while in terms it was payable to Davidson & Wardlaw, in reality protected the plaintiff.

The defendant contended that the bond was a special guaranty, and its benefits flowed only to the beneficiaries named therein, to wit, Davidson & Wardlaw; that oral evidence was not admissible to show that plaintiffs were the real beneficiaries; that a guaranty is not assignable until after breach.

*F. M. West,* for appellants.

The court below granted the peremptory instruction to find for the defendants upon the idea that the bond of guaranty being in the name of Davidson & Wardlaw, only they could maintain this suit; and upon the further idea that parol testimony was not admissable to show that the appellants here were the real obligees in the said bond.

If the appellees were strangers to the transactions herein presented to this court, there might be tenable

ground for such a contention; but the record clearly shows that at the time the contract and bond were executed the sureties, or guarantors, appellees here, were fully cognizant of the true situation; and they knew that, while the said contract and bond were nominally entered into with Davidson & Wardlaw, yet, as a matter of fact, they were entered into with the appellants here; and their business relations continued from the date of the said contract and bond, Sept. 17th, 1906, until the principal of the appellee became a bankrupt in Oct. 1908, a period of more than two years; during all of which time no complaint was made as to the application of the payments made to the appellants, nor to the contract, bond, or any other matter concerning the business relations of the parties hereto.

The record shows that school books to an amount of more than $1600.00 were sold to the Steger-Holmes Co., and the sureties upon its bond, the appellees here, were in active, and actual charge of the business of said company, and knew all about its affairs, and knew that the bond was actually payable to the appellants, though nominally payable to Davidson & Wardlaw; and we respectfully submit that the appellees are now estopped to set up the defense that the wrong parties have brought this suit, or that they have been prejudiced in any way by reason of the manner of the execution of the said contract and bond.

They are not in such a situation as that they can take advantage of the rule announced in 37 Cyc. 177 as to what things will release a surety from his guaranty; for that rule applies where a change in the relation of the parties is brought about by some change in the contract, after it has been entered into.

In the instant case the situation was thoroughly understood at the time of the execution of the said contract and bond, and no new matter was injected into the relations between the parties after that time; the situation

remained the same. If such a rule as contended for here is to deny these appellants their rights in this court, might we not say with equal force that if the bond had been payable to the Southern School Book Depository, that Victor R. Smith and Burgess Smith, the actual owners of the business could not show that they were the actual owners of the business and entitled to sue upon the contract in their own name? Such a position is utterly untenable and ought not to prevail.

It was permissible to prove by parol that the appellants here were the actual obligees in the bond and contract. We refer the court to the following authorities in support of our contentions and respectfully suggest that this case ought to be reversed and remanded: *Grubbs* v. *Wiley,* 9 S. & M. 29; *Drummond* v. *Prestman,* 12 Wheat. U. S. 515, 6 L. Ed. 712; *Pollock* v. *Helm,* 54 Miss. 1, 28 Am. Rep. 342; *Cox* v. *Sewing Machine Co.,* 57 Miss. 350; *Standley* v. *Miles & Adams,* 36 Miss. 452; *Bell* v. *Bruen,* 1 How. (U. S.) 183, 11 L. Ed. 95; *Heckscher* v. *Binney,* 3 Wood & M. 341, F. C. 6316; *Smith* v. *Montgomery,* 3 Tex. 204; *Nicholay* v. *Kay,* 6 Ark. 59, 42 Am. Dec. 680 and cases cited in the notes; *Kelley* v. *Ware,* 22 Ark. 449; *Lafferty* v. *Lafferty,* 10 Ark 268; *Bank* v. *Tay,* 4 L. R. A. 343 and notes; *Coleman* v. *Fuller,* 8 L. R. A. 280 and notes.

*Watson & Jayne* and *Percy Bell,* for appellees.

The assignment of error of appellants to the effect that the court erred in excluding appellant's evidence and giving the peremptory instruction is not well taken. This we say for the following reasons:

1. That the bond was a special guaranty and flowed only to the beneficiaries named therein, to wit: Davidson & Wardlaw, a partnership composed of E. O. Davidson and S. W. Wardlaw. 20 Cyc. 1399, and cases there cited; *Schoonover* v. *Osborne,* 79 N. W. 263 (Iowa). The

case last above cited reviews all of the authorities on the subject and we especially refer the court thereto.

2. That oral evidence was not admissible to show that appellants were the real beneficiaries in said bond.

*Grant v. Nailer,* 4 Cranch, 224; *Deraynes v. Noble,* 3 Eng. Ruling Cases, 336; *Barnett* v. *Smith,* 17 Ill. 565; *Hunt* v. *Gray,* 41 N. W. 14. In the first and last cases above cited the courts held that to admit evidence of this kind, where there is no ambiguity, either patent or latent, would be to violate the rule against admitting oral testimony to vary a writing.

3. That a special guaranty is not assignable until after a breach, and that no liability was incurred after the assignment of Davidson & Wardlaw 20 Cyc. 1433, note 8; *Schoonover* v. *Osborne,* 79 N. W. 263.

4. That the item of $449.60 bearing date July 1, 1906, being a past debt at the time of the execution of the bond, was not included within the scope of that instrument. 20 Cyc. 1435 D, note 11.

5. Appellant's declaration and evidence showed that on July 1, 1906, the item of $449.60 was assigned to the Southern School Book Depository, and in as much as it did not then belong to Davidson & Wardlaw it could not have been within the intention of the guarantors on the bond. Upon considering the item last mentioned it will be seen that it was a past debt of Steger-Holmes Company and that there was no writing by which appellees could be charged therewith and thus satisfy the requirements of the statutes of frauds.

### LIABILITY OF GUARANTORS

It is well established that guarantors and sureties are favorites of the law and have the right to stand on the strict terms of their obligations. "A rule never to be lost sight of in determining the liability of sureties or guarantors is that he is a favorite of the law, and has the

right to stand on the strict terms of his obligations, when such terms are ascertained. This is a rule universally recognized by the courts and is applicable to every variety of circumstances." 1 Brandt Sur. (2d. Ed.) secs. 134-5; *People* v. *Chalmers,* 60 N. Y. 154; *State* v. *Churchhill,* 48 Ark. 426. "A surety or guarantor usually derives no benefit from his contract. His object usually is to befriend the principal. He is bound by his agreement and nothing else. It has been repeatedly decided that he is under no moral obligation to pay the debt of his principal, being, then, bound by his agreement alone, and deriving no benefit from the transaction, it is eminently just and proper that he should be a favorite of the law, and have the right to stand on the strict terms of his obligation. To charge him beyond its terms or to permit it to be altered without his consent, is not to enforce a contract made by him, but to make another for him." In applying this rule the courts have usually held that a guaranty addressed to a particular person can only be acted upon and enforced by that party. *Taylor* v. *Wetmore,* 10 Ohio 490; *Bank* v. *Dierdoff,* 90 Ill. 396; *Crane Co.* v. *Specht,* 39 Neb. 123; *Peneyer* v. *Watson* 16 Johns, 100. The guaranty bond did not take effect for any items anterior to its date. 24 Miss. 39, 53 N. W. 362. The fact that the guarantor had knowledge of the proposed new arrangements between the creditor and his principal will not prevent a discharge. This principle will also hold good with regard to a change in the beneficiary. 20 Cyc. 1424, note 66. That the bond in this case was one of special guaranty there can be no doubt; for it guaranteed the integrity of the account of the beneficiaries in the bond, and this being the case it cannot be construed a general guaranty.

Smith, C. J. delivered the opinion of the court.

The contention of counsel for appellants is that he is not trying to add to or take from a written contract by

parol evidence, but simply to identify by such evidence the real parties in interest therein.  This, of course, can be done within certain limits, not necessary here to be defined; but the defect in counsel's position is that, in order to reach the end sought, he must by such evidence take from the contract the agreement to indemnify Davidson & Wardlaw, a partnership composed of E. A. Davidson and S. W. Wardlaw, and substitute therefor the very different agreement to indemnify the Southern School Book Depository, a partnership composed of Victor R. and Burgess Smith.

If this can be done, then under the guise of identifying the parties in interest, or applying the terms of a contract to the subject-matter thereof, the intention of the parties to a contract can be shown by parol evidence to have been very different from that which appears from the written words thereof.  In the case at bar, for instance, it could then, under such guise, be shown that it was not the contract of Steger-Holmes Company, the performance of which was intended to be guaranteed, but the contract of quite another and different party; that, while the penalty of the bond is recited to be three thousand dollars, the real penalty was in fact in a different amount; that, although the contract on its face guarantees the performance by Steger-Holmes Company of a certain contract, the real contract intended to be performed was quite another and different one, etc.

The court committed no error in excluding appellant's testimony and awarding appellee a peremptory instruction, and the judgment is therefore affirmed.

*Affirmed.*